# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-284V
**Filed: April 29, 2016**
**[Not to be published]**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DEBORAH BYNUM, on behalf of       \*
her minor child, C.J.,            \*
                                  \*
               Petitioner,        \*       Dismissal; Influenza ("Flu")
v.                                \*       Vaccine; Myasthenia Gravis.
                                  \*
                                  \*
SECRETARY OF HEALTH               \*
AND HUMAN SERVICES,               \*
                                  \*
               Respondent.        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

**Gowen,** Special Master:

On February 29, 2016, petitioner filed a petition on behalf of her minor child, C.J., for compensation from the National Vaccine Injury Compensation Program ["the Program"].[2] Petitioner alleged that as a result of receiving an influenza vaccination in March 2013, C.J. developed myasthenia gravis. Petition at ¶ 1, 2, filed Feb. 29, 2016. Petitioner pleaded in her petition that the exact date of the influenza vaccination was unknown as of the time the petition

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

was filed, as counsel filed a petition to ensure that the statute of limitations period did not lapse.[3] Id. at ¶ 1, n.1. Thereafter, On April 28, 2016, petitioner filed medical records as exhibits one through six.

Also on April 28, 2016, petitioner moved for a decision dismissing her petition, stating that as her counsel began to order medical records and investigate the claim more thoroughly, "it appear[ed] the date of the influenza vaccination was much earlier, August 30, 2012." See Motion to Dismiss at ¶ 2, 3, filed Apr. 28, 2016. Petitioner stated that the medical records revealed "C.J. presented to The Eye Center with diplopia on February 27, 2013, which was likely one of the first manifestation of symptoms of myasthenia gravis." Id. at ¶ 3. Petitioner further stated that C.J. had a viral illness in January 2013, approximately two weeks preceding the onset of symptoms of myasthenia gravis. Id. at. Petitioner averred that "[c]ollectively, this has demonstrated to petitioner that she will likely be unable to prove that she is entitled to compensation in the Vaccine Program." Id. Petitioner moved for a decision dismissing her case. Id. at 1.

In order to prevail under the Program, a petitioner must prove either a "Table" injury or that a vaccine listed on the Table caused in fact an injury (an "off-Table" injury). See § 11(c). To satisfy the burden of proving causation in fact, a petitioner must establish each of the three Althen factors by preponderant evidence: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a proximate temporal relationship between the vaccination and the injury. Althen v. Sec'y of HHS, 418 F.1274, 1278 (Fed. Cir. 2005); see de Bazan v. Sec'y of HHS, 539 F.3d 1347, 1351-52 (Fed. Cir. 2008); Caves v. Sec'y of HHS, 100 Fed. Cl. 119, 132 (2011), aff'd per curiam, 463 Fed. Appx. 932 (Fed. Cir. 2012) (specifying that each Althen factor must be established by preponderant evidence). The preponderance of the evidence standard, in turn, has been interpreted to mean that a fact is more likely than not. See Moberly v. Sec'y of HHS, 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010).

It is clear from the record in this case that petitioner has not meet her burden of proof, as she is alleging an off-Table injury and must prove by preponderant evidence that the August 30, 2012 influenza vaccination C.J. received caused in fact her myasthenia gravis. As conceded by petitioner, the onset of symptoms of myasthenia gravis (approximately three weeks prior to her February 27, 2013 eye doctor visit) was approximately five months after receipt of a covered vaccine on August 30, 2012. See Petitioner's Exhibit ("Pet. Ex.") 4 at 1. Moreover, C.J.'s condition is more temporally associated with a viral illness she suffered in late January 2013, which was approximately two weeks before her first symptom of myasthenia gravis. See Pet. Ex. 3 at 20.

Under the Act, a petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). It is clear from the record in this case that petitioner has failed to demonstrate that C.J.'s myasthenia gravis was caused by her influenza vaccination. **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen

---

[3] The petition stated "[p]etitioner first contacted counsel on February 27, 2016." Petition at n.1.

Special Master